IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:17-cv-2137

NEIL POLLOCK, M.D., an individual, and
POLLOCK SURGICAL CLINICS, INC.,
a British Columbia corporation,

      Plaintiffs,

v.

GREG MACDONALD, an individual,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs Neil Pollock, M.D. and Pollock Surgical Clinics, Inc., by and through their

counsel, Dorsey & Whitney LLP, state their complaint as follows:

### INTRODUCTION

1.     This action arises out of Defendant Greg MacDonald's ("Defendant") theft of

Plaintiffs Neil Pollock, M.D.'s and Pollock Surgical Clinics, Inc.'s (collectively referred to

herein as "Dr. Pollock") business and intellectual property.  Dr. Pollock spent years developing

an innovative series of urological techniques, known as "The Pollock Technique," and thereafter

developed a series of clinics in countries throughout the world that specialize in marketing all

age circumcisions and no-scalpel, no-needle vasectomies.  These clinics, operating under the

brand, Gentle Procedures, have been highly successful with more than 15 locations throughout

the world.  .

2.     In 2015, Dr. Pollock and Defendant entered into an agreement whereby

Defendant would work with Dr. Pollock to expand Dr. Pollock's business into the U.S. market.

4828-2112-1358\

In connection with that expansion, Defendant agreed that Dr. Pollock would own the U.S. business, that Dr. Pollock and his business would continue to own the intellectual property of the enterprise, that Defendant would keep information confidential, and that Defendant would not compete with the business. Pursuant to that agreement, Defendant was able to access the valuable trade secrets and other confidential/proprietary business information of Dr. Pollock's business. Shortly after the agreement was reached, however, Defendant created the U.S. business entities under his own name and submitted trademark applications concerning the Gentle Procedures intellectual property under the business name.

3.      Although Defendant confirmed numerous times that he was not a business owner and that he did not have any rights to the trademarks, Defendant has refused to transfer ownership of the business to Dr. Pollock and as a result, has usurped Dr. Pollock's trademarks. Unbeknownst to Dr. Pollock as this was all taking place, Defendant has been engaged in secret efforts to open a clinic in Denver using Dr. Pollock's and his business's name, intellectual property, good will and reputation. Through this case, Dr. Pollock seeks damages for Defendant's actions, an immediate transfer of the business that is rightfully owned by Dr. Pollock and injunctive relief preventing further use of Dr. Pollock's intellectual property and his confidential and trade secret information.

<u>**PARTIES, JURISDICTION AND VENUE**</u>

4.      Plaintiff Neil Pollock, M.D. is an individual whose address is Suite 407, 625 Fifth Avenue, New Westminster, BC, V3M 1X4.

5.      Plaintiff Pollock Surgical Clinics, Inc. is a British Columbia corporation with a business address of Suite 407, 625 Fifth Avenue, New Westminster, BC, V3M 1X4.

4828-2112-1358\

6.      Defendant Greg MacDonald is an individual with a business address of 3222 E. 1st Avenue, Suite 709, Denver, Colorado 80206.

7.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1332 (diversity) and 1331 (federal question) as the claims in this case involve amounts greater than $75,000 and the claims arise under a federal statute, the Lanham Act.  .

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this judicial district, and 1391(b)(1).

## GENERAL ALLEGATIONS

### A.  Dr. Pollock's Practice and Development of the Gentle Procedures Clinic Franchise.

9.      Dr. Pollock began his practice in the early 1990's in family medicine.

10.      During his practice, Dr. Pollock spent time developing expertise in two surgical procedures – circumcision and vasectomy.  To do so, he traveled to many cities in North America researching first-hand what he believed to be the best techniques in circumcision and vasectomy used by the most experienced doctors.  Following his extensive research, Dr. Pollock developed his own approach to these surgeries, combining the most effective elements of what he had learned.

11.      In the late 1990's, Dr. Pollock founded his original clinic in Vancouver, BC to focus on providing circumcision and vasectomy procedures.  This clinic gave rise to the Gentle Procedures Clinic and brand.  Dr. Pollock has since refined his entire process creating what has become known today as "The Pollock Technique" for circumcision and no-scalpel, no-needle

3

vasectomy.  Dr. Pollock is recognized as a leader and innovator in his surgical area of expertise worldwide.

12.     Since then, Dr. Pollock has developed the Gentle Procedures Clinic Program (the "Clinic Program") as a way to expand his practice, share his expertise, and expand his business to other locations.  Through the program, other providers obtain extensive training on Dr. Pollock's surgical methods (including one-on-one training with Dr. Pollock) and ongoing web marketing support, in order to become a successful local provider for circumcision and vasectomy.  The Clinic Program offers providers an opportunity to develop a profitable business in a very special niche of the medical field.

13.     Dr. Pollock has invested and continues to invest substantial time, effort and funds in research and development of the specialized surgical techniques for circumcision and vasectomy, the specialized training provided to providers, the Clinic Program, the marketing techniques/materials for the Gentle Procedures clinics, supplier relationships, trainor physician relationships, and operational systems.

14.     Dr. Pollock derives his competitive advantage from the above and therefore has taken steps to maintain and protect the confidentiality of those trade secrets, including closely guarding this information by limiting access to the inner workings and methods of the system, requiring employees, physicians, prospective franchisees, and franchisees, to enter into agreements with confidentiality, non-competition, and non-solicitation provisions, and significant pre-agreed payments in the event of a breach of any of these agreements.

15.     All intellectual property relating to Dr. Pollock's business is owned by Dr. Pollock.

4828-2112-1358\

16.      To date, Dr. Pollock has opened Gentle Procedures Clinics in Dallas, Texas,

Vancouver, Calgary, Edmonton, Saskatoon, Montreal, Toronto, and Moncton Canada, and

Melbourne, Perth, Brisbane, and Sydney, Australia.  Dr. Pollock is also in the final stages of

negotiation with a prospective franchisee in London, England.  Dr. Pollock continues to market

to physicians worldwide.

**B.  Dr. Pollock's Decision to Expand the Gentle Procedures Franchise into the U.S.
   Market and Agreement with Defendant.**

17.      In 2015, Defendant approached Dr. Pollock with the suggestion that Defendant

could help expand his successful Gentle Procedures business model into the U.S. market and

suggested that he be a partner to assist with that expansion.

18.      By late 2015, Dr. Pollock and Defendant began discussions about the opportunity

to expand the Gentle Procedures business model through franchise agreements.  Dr. Pollock and

Defendant agreed to develop that business (the "Business").

19.      On December 16, 2015, Dr. Pollock and Defendant entered into a Memorandum

of Understanding ("MOU") in connection with the Business.  MOU, **Exhibit 1**.  Under the terms

of the MOU, Defendant agreed to contribute $400,000 in capital for the first two years with Dr.

Pollock contributing $100,000.  Profit under the MOU for the U.S. operations was to be split

with Defendant receiving 45% of the consolidated profits and Dr. Pollock receiving 55% of the

profits.  The Business and its assets, however, would be owned entirely by Dr. Pollock.

20.      In discussing the need for a non-compete provision in the MOU, Defendant

expressly agreed during discussions that he would not compete with the Business or Dr. Pollock

and acknowledged that any competition would unfairly take advantage of Dr. Pollock.

Defendant further agreed to keep all of Dr. Pollock's proprietary information and trade secrets

4828-2112-1358\

(which he developed through the 20+ years of his practice) confidential.  Moreover, Defendant agreed that Dr. Pollock was the owner of the Business.  Defendant's agreement with Dr. Pollock is referred to herein as the "Agreement."

21.     During discussions, Defendant assured Dr. Pollock that he had many ideas about how to invest the capital to grow and develop the Business.

22.     Dr. Pollock relied on his Agreement with the Defendant in deciding to invest in the Business and go forward with the Business with Defendant as his partner.

**C.  Defendant's Immediate Breach of His Agreement.**

23.     Dr. Pollock tasked the Defendant with setting up a structure for the US entities. On or about June 23, 2016, Defendant formed the entities Gentle Procedures Franchising LP ("Gentle LP") and Gentle Procedures, Inc. ("Gentle Inc.") in Colorado, under his sole ownership without Dr. Pollock's consent.  Gentle Inc. was formed as a general partner of Gentle LP and Gentle LP was formed to be the master franchisor of the Business in Colorado.

24.     Defendant structured these entities under his ownership, excluding Dr. Pollock from his rightful ownership of the Business, in violation of the Agreement.  Moreover, Defendant improperly filed for trademarks for "Pollock Technique" and "Gentle Procedures" in the U.S. claiming Gentle Inc., and Gentle LP –entities under his control – as the owner, thereby claiming ownership over Dr. Pollock's intellectual property which he developed through years of research and practice.  This, again, was done without Dr. Pollock's knowledge or consent. Additionally, all bank accounts are currently controlled by Gentle Inc. and Gentle LP.

25.     When Dr. Pollock confronted Defendant regarding the improper structure and trademark filings, Defendant admitted that Dr. Pollock was the rightful owner and controlled the

Business, including these entities. Defendant has since repeatedly confirmed Dr. Pollock's ownership of the Business, its entities, and the trademarks. In fact, Defendant advised that entities were formed this way merely for convenience but that his intention was to transfer ownership to Dr. Pollock as agreed upon. Indeed, Defendant changed the corporate structure from a limited liability company to a limited partnership in forming Gentle LP because Dr. Pollock was to be the owner and a limited partnership was the recommended course for a Canadian citizen owning a U.S. business franchise. Yet, it appears that Defendant had no intention of transferring ownership and control to Dr. Pollock. Rather, he was intent on defrauding Dr. Pollock of ownership of the businesses that he created.

26.     In October 2016, Gentle LP entered into a franchise agreement with Opco Group LLC in Dallas, Texas (the "Dallas Franchise"). The franchise agreement requires the Dallas Franchise to maintain all proprietary information confidential through multiple provisions. Pursuant to the Agreement (and the understanding set forth in the MOU), Defendant received 45% of the profits obtained from the Dallas Franchise. The Dallas Franchise has proved to be profitable and successful.

27.     Dr. Pollock relied on Defendant's statements and assurances – that ownership and control of the entities and trademarks would rightfully be transferred to Dr. Pollock – in continuing his partnership with Defendant in the Business and sharing in the profits of the Dallas Franchise.

**D.  Defendant Acts to Obtain Dr. Pollock's Proprietary Business Information and Trade Secrets.**

28.     During his tenure with the Business, Defendant gained access to Dr. Pollock's trade secrets and other proprietary business information in connection with his agreement to

7

develop Dr. Pollock's Gentle Procedures franchise throughout the United States.  For example, Defendant received extensive training on Dr. Pollock's business operations, trade secrets, suppliers, key relationships, and successful marketing techniques.

29.    Defendant also actively sought involvement in Dr. Pollock's franchise development outside of the U.S. (including Canada and Australia), spending time working in those clinics, and obtained additional confidential and proprietary business information.  Dr. Pollock provided Defendant access to the above based on his reliance on Defendant's obligations and promises under the Agreement as well as Defendant's fiduciary obligations as Dr. Pollock's partner in the Business.

**E.  Defendant Steals the Business from Dr. Pollock Under the Guise of Leaving the Business.**

30.    In July of 2017, after securing access to Dr. Pollock's trade secrets and other confidential and proprietary business information, Defendant informed Dr. Pollock that he could not afford to fund the Business and expressed a desire to move on from the Business.  Defendant indicated that while he still wanted to continue to share in the profits from the Dallas Franchise, he was not interested in continuing with the parties' business plans.

31.    Dr. Pollock had no understanding of Defendant's plans to steal the Business or the intellectual property and sought to finalize the separation.

32.    In discussions, Defendant sought a partnership agreement insisting that the Dallas Franchise profits continue to be split.  When Dr. Pollock demanded full transfer of ownership of Gentle LP and Gentle Inc., Defendant stated he required continued ownership of the entities to use as leverage against Dr. Pollock in case Dr. Pollock stopped sharing in the Dallas Franchise profits.  Defendant continued to wrongfully withhold ownership of the entities from Dr. Pollock.

8

4828-2112-1358\

33.     Under the guise of simply leaving the Business, Defendant has actually taken steps to steal the Business from Dr. Pollock by seeking to open a clinic under the same business and name and using the same exact trade secrets and intellectual property owned by Dr. Pollock.

34.     Indeed, Defendant has been actively working to develop and open a Gentle Procedures clinic in Denver, Colorado (the "Denver Clinic"), without Dr. Pollock's knowledge. In connection with his efforts, Defendant posted online job postings to recruit providers for the Denver Clinic.  *See* Zip Recruiter Posting, **Exhibit 2**; LinkedIn Posting, **Exhibit 3**.

35.     Those postings related to his efforts to open the Denver Clinic directly referenced the goodwill of Dr. Pollock by noting Dr. Pollock's extensive training program, his 20+ years of business development outside of the U.S., including Canada, and further pointed to the successful Dallas Franchise and its website under the Business as a reference.  *See id.*  In addition to utilizing Dr. Pollock's years of work and Gentle Procedures businesses, Defendant also utilized Dr. Pollock's intellectual property, including "Gentle Procedures" in connection with his efforts to open the Denver Clinic for his sole benefit and to the detriment of Dr. Pollock and the Business.

36.     Specifically, the job postings state:

We are a medical clinic business that focuses on circumcisions and vasectomies with locations all over the world including Canada, USA, Australia and Europe.

. . .

Gentle Procedures is a medical clinic business that specializes in circumcision and vasectomy.  We started our first clinic in Vancouver, Canada over 20 years ago and now have clinics throughout the world with over 50,000 procedures performed.

We are looking for a lead physician to operate our new Denver based clinic.  You will be put through a world class training program headed up by one of our medical directors.

9

For reference and review our newest clinic website for the United States is gentleproceduresdallas.com.

**Exhibits 2 & 3**.

37.    Additionally, the opening of the Denver Clinic threatens Defendant's misappropriation of Dr. Pollock's trade secrets and other confidential and proprietary information.  Indeed, the job postings state that physicians "will be put through a world class training program" and further reference the Dallas Franchise, Dr. Pollock's clinics throughout the world, and the 50,000+ procedures performed at these clinics.  *See id.*

38.    Upon information and belief, Defendant has received numerous applications from these postings for the Denver Clinic.

39.    Based on his actions, it is clear that Defendant has always been planning on stealing the Business from Dr. Pollock and cutting out the founder and developer of all the intellectual property.  Indeed, Defendant laid the groundwork for this theft by forming Gentle LP and Gentle Inc. under his name and placing Dr. Pollock's intellectual property under his control.

40.    Upon information and belief, Defendant has also previously misrepresented to others that Dr. Pollock executed a Letter of Intent or otherwise agreed to sell the Business.

41.    On August 24, 2017, Dr. Pollock demanded that Defendant transfer ownership and control of Gentle LP, Gentle Inc., and all bank accounts, trademarks and other intellectual property held by the entities to Dr. Pollock.  Dr. Pollock further demanded that Defendant case all activities directed to competing with the Business, including all efforts to set up the Denver Clinic.

10

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

42.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

43.     Defendant entered into the Agreement with Dr. Pollock in connection with the Business.

44.     The Agreement is a binding contract between Defendant and Dr. Pollock.

45.     Dr. Pollock has fully performed as required under the Agreement.

46.     Defendant has breached the Agreement in at least the following ways:

a.  Defendant formed Gentle LP and Gentle Inc. under his ownership and control and is in breach of Defendant's agreement that Dr. Pollock was to own the entities under the Business;

b.  Defendant filed for the trademarks "Pollock Technique" and "Gentle Procedures" under his ownership and control and is in breach of Defendant's agreement that Dr. Pollock was to own the intellectual property under the Business;

c.  Defendant's efforts to open the Denver Clinic for his own benefit is in breach of Defendant's agreement to open clinics for the benefit of the Business, his agreement not to compete with Dr. Pollock and the Business; and,

d.  Defendant's efforts to open the Denver Clinic also threaten to use Dr. Pollock's trade secrets and other confidential/proprietary business information which would constitute a breach of Defendant's agreement to keep that information confidential;

11

47.     Dr. Pollock has been damaged by Defendant's breaches in an amount to be proven at trial.  Dr. Pollock is further entitled to an injunction against Defendant from further breaches of the contract in order to avoid irreparable harm that would result to Dr. Pollock.

## SECOND CLAIM FOR RELIEF
### (Breach of Implied Contract)

48.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

49.     Defendant and Dr. Pollock entered into an express Agreement.  In the alternative, however, their agreement is shown by the conduct of the parties evidencing a meeting of the minds.

50.     During the course of the Business, Defendant repeatedly acknowledged that Dr. Pollock was to own and did own the Business, its entities, and the trademarks "Pollock Technique" and "Gentle Procedures."  Defendant also worked to open the Dallas Franchise (in accordance with the Agreement) for the benefit of the Business and has been sharing in the profits, with 55% going to Dr. Pollock and 45% going to Defendant.  In connection with the Dallas Franchise, Defendant included numerous provisions requiring confidentiality from the franchisee into the franchise agreement, acknowledging the need to protect Dr. Pollock's trade secrets and other confidential/proprietary business information.

51.     Defendant breached his implied contract with Dr. Pollock by his ownership and control of the Business, its entities Gentle LP and Gentle Inc., and the trademarks "Pollock Technique" and "Gentle Procedures."  Defendant further breached his implied contract with Dr. Pollock by making efforts to open the Denver Clinic for his sole benefit and in direct competition with the Business.  Additionally, Defendant's efforts to open the Denver Clinic threatens use and disclosure of Dr. Pollock's trade secrets and other confidential/proprietary business information

12

in connection which would result in a breach of his implied contract with Dr. Pollock to maintain that information confidential.

52.     Dr. Pollock has been damaged by Defendant's breaches in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Promissory Estoppel)

53.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

54.     Defendant made promises to Dr. Pollock that Dr. Pollock was to own the Business and the intellectual property, that Defendant would keep the trade secrets and other confidential/proprietary business information confidential, that he would not compete with the Business, and that he would work for the benefit of the Business.

55.     In reasonable reliance on those promises, Dr. Pollock decided to partner with Defendant in connection with the Business, invested in the Business, and provided Defendant with access to his trade secrets and other confidential/proprietary business information.

56.     Defendant failed or refused to perform as promised and Dr. Pollock has been damaged by Defendant.

57.     Injustice can only be avoided through enforcement of Defendant's promises.

## FOURTH CLAIM FOR RELIEF
### (Civil Theft)

58.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

59.     Dr. Pollock owns the Business, the trade secrets, and other confidential/proprietary business information used in connection with the Business. Dr. Pollock also owns the intellectual property of the Business.

13

60.     Defendant intentionally and knowingly exercised control over Gentle LP and Gentle Inc. and the trademarks of the Business by forming the entities and registering the trademarks under his ownership and control and using the same for his sole benefit.  As a result, Defendant also intentionally and knowingly exercised control over the Business.  Furthermore, Defendant seeks to exercise control over Dr. Pollock's trade secrets and other confidential/proprietary business information by seeking to use the same in connection with opening the Denver Clinic for his sole benefit.  Indeed, the job postings related to the Denver Clinic state that physicians "will be put through a world class training program" and further reference the Dallas Franchise, Dr. Pollock's clinics throughout the world, and the 50,000+ procedures performed at these clinics.  *See* **Exhibits 2 & 3**.

61.     Defendant intended to deprive and withhold the same from Dr. Pollock.

62.     Defendant's exercise of control was without authorization.

63.     Defendant's theft was accompanied by fraud, malice or willful and wanton disregard for Dr. Pollock's right in the Business, the intellectual property, and the trade secrets and other confidential/proprietary business information.  Specifically, Defendant registered the entities and the trademarks under his ownership and control under the guise that it was for purposes of convenience when he intended to maintain his ownership and control and eventually oust Dr. Pollock from the Business.  Defendant also obtained access to and use of the trade secrets and other confidential/proprietary business information with the intention to take and use the same for his sole benefit.

14

64.    Dr. Pollock has been damaged by Defendant's theft in an amount to be determined at trial.   Dr. Pollock is further entitled to treble damages, costs and attorneys' fees incurred in bringing this action.

### FIFTH CLAIM FOR RELIEF
### (Conversion)

65.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

66.    Dr. Pollock owns the Business, the trade secrets, and other confidential/proprietary business information used in connection with the Business. Dr. Pollock also owns the intellectual property of the Business.

67.    Defendant intentionally, and without authorization, took steps to assert dominion and ownership over the Business, the entities Gentle LP and Gentle Inc., the trademarks "Pollock Technique" and "Gentle Procedures," and Dr. Pollock's trade secrets and other confidential/proprietary business information.   Defendant has no ownership interest in any of the above but converted the same for his own use, possession, and benefit.

68.    Defendant's actions deprived Dr. Pollock of the exclusive ownership of the Business, its entities, the trademarks, and the trade secrets and other confidential/proprietary business information.  Defendant has not returned the same to Dr. Pollock.

69.    Dr. Pollock has been damaged by Defendant's conversion in an amount to be determined at trial.

70.    Defendant's conversion was accompanied by fraud, malice or reckless and wanton disregard for the rights of Dr. Pollock.  Specifically, Defendant registered the entities and the trademarks under his ownership and control under the guise that it was for purposes of convenience when he intended to maintain his ownership and control and eventually oust Dr.

15

Pollock from the Business.  Defendant also obtained access to and use of the trade secrets and

other confidential/proprietary business information with the intention to take and use the same

for his sole benefit.  Accordingly, Dr. Pollock is entitled to exemplary damages.

**SIXTH CLAIM FOR RELIEF**
**(Misappropriation/Threatened Misappropriation of Trade Secrets)**

71.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

72.     Certain of Dr. Pollock's business information are trade secrets.  These include the

specialized surgical technique for circumcision and vasectomy, the specialized training provided

to providers, the clinic franchise program, the marketing techniques/materials for the Gentle

Procedures clinics, business operations, trade secrets, suppliers, and key relationships.  These

trade secrets were also utilized in connection with the Business.

73.     Dr. Pollock has invested and continues to invest substantial time, effort and funds

in the research and development of the above information.  He has taken reasonable steps to

maintain and protect the confidentiality of those trade secrets, including having employees,

franchisee prospects, and franchisees sign agreements (or otherwise agree) to maintain the

confidentiality of the information and trade secrets.  Defendant gained access to the trade secrets

in connection with the Business agreement and in connection with his involvement in Dr.

Pollock's franchise development outside of the U.S. (including Canada and Australia).

74.     Defendant was required to keep and maintain the information he acquired

confidential and was only permitted to access and use the information in connection with the

Business and in his work with Dr. Pollock's franchise development outside of the U.S.

75.     Defendant improperly acquired and either has or intends to use and/or disclose the

trade secrets in connection with his efforts to open the Denver Clinic for his sole benefit and

16

steal the Business from Dr. Pollock.  Indeed, the job postings for the Denver Clinic state that physicians "will be put through a world class training program" and further reference the Dallas Franchise, Dr. Pollock's clinics throughout the world, and the 50,000+ procedures performed at these clinics.  *See* **Exhibits 2 & 3**.

76.    Defendant has willfully misappropriated Dr. Pollock's trade secrets.  Defendant's actions violate the Colorado Uniform Trade Secrets Act, C.R.S. § 7-74-101 *et seq.*

77.    Dr. Pollock has been damaged by Defendant's misappropriation of their trade secrets in an amount to be proven at trial.  Damages include, but are not limited to, the loss caused by the misappropriation, unjust enrichment caused by the misappropriation, and any profits made by Defendant through the misappropriation.  Dr. Pollock is further entitled to entry of an injunction against Defendant's actual and/or threatened use of misappropriated trade secrets.

78.    Because Defendant's actions are accompanied by circumstances of willful and wanton disregard for Dr. Pollock's rights, Dr. Pollock is entitled to punitive damages and attorneys' fees.

**SEVENTH CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty)**

79.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

80.    Dr. Pollock invested in the Business partnership with Defendant.  As Dr. Pollock's business partner, a director and officer of Gentle Inc., and a key contractor managing business development for Pollock Surgical Clinics Inc., Defendant owed Dr. Pollock fiduciary duties and was in a confidential and fiduciary relationship with Dr. Pollock.  In his position of trust and confidence, Defendant owed Dr. Pollock the highest duty of loyalty and duties of good

17

faith, sound business judgment, square dealing, candor, forthrightness, and fairness in connection with the Business.

81.    Defendant breached his fiduciary duties by stealing ownership and control of the Business entities and trademarks, self-dealing, diverting his efforts from the Business toward the development of the Denver Clinic for his sole benefit, competing with the Business, threatening to use/disclose trade secrets and confidential business information for his sole benefit, usurping opportunities of the Business, misrepresenting and concealing his actions, seeking to make secret profits at the expense of the Business, and using Dr. Pollock's trade name, good will and reputation for his sole benefit.

82.    Dr. Pollock has been damaged by Defendant's breach of his fiduciary duty and he is entitled to punitive damages.  Dr. Pollock is further entitled to an injunction preventing Defendant from further breach of his fiduciary duties.

## EIGHTH CLAIM FOR RELIEF
**(Infringement and Unfair Competition under Common Law and the Lanham Act)**

83.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

84.    Dr. Pollock has invested time, labor, skill and money in developing his practice, specialized techniques, business, and reputation.  Dr. Pollock developed the "Pollock Technique" and first opened his clinic in 1993 and has since opened 15 clinics and franchised clinics throughout the world.  "Gentle Procedures" and the "Pollock Technique" have been used exclusively in connection with Dr. Pollock's business and the specialized services provided under his businesses.  The trade names and marks "Gentle Procedures" and the "Pollock

4828-2112-1358\

Technique" have thus acquired secondary meaning and significance identifying Dr. Pollock, his reputation and his specialized surgical procedures.

85.     Defendant improperly applied for trademarks under his control.  Nevertheless, Dr. Pollock was the prior user of these marks and made continuous use of these marks.

86.     Defendant wrongfully appropriated the time, labor, skill and money that Dr. Pollock invested.  Specifically, Defendant utilized the trade name and mark "Gentle Procedures" and pointed to Dr. Pollock's extensive training program, his 20+years of business development outside of the U.S., and the Dallas Franchise and its website under the Business in connection with his efforts to open the Denver Clinic.  The job postings state:

> We are a medical clinic business that focuses on circumcisions and vasectomies with locations all over the world including Canada, USA, Australia and Europe.
>
> . . .
>
> Gentle Procedures is a medical clinic business that specializes in circumcision and vasectomy.  We started our first clinic in Vancouver, Canada over 20 years ago and now have clinics throughout the world with over 50,000 procedures performed.
>
> We are looking for a lead physician to operate our new Denver based clinic.  You will be put through a world class training program headed up by one of our medical directors.
>
> For reference and review our newest clinic website for the United States is gentleproceduresdallas.com.

**Exhibits 2 & 3**.

87.      Defendant utilized Dr. Pollock's years of work and Gentle Procedures businesses.

88.     Defendant's actions have caused or are likely to cause mistake, confusion, and/or deceive the public with the impression that the Denver Clinic and its services are endorsed,

4828-2112-1358\

sponsored or approved by and/or affiliated or associated with Dr. Pollock, his businesses, and/or their services.

89.    Dr. Pollock did not consent to or authorize Defendant's actions.

90.    Defendant's actions constitute unfair competition under both common law and the Lanham Act.

91.    Dr. Pollock has been damaged by Defendant's misappropriation and unfair competition in an amount to be proven at trial.  Dr. Pollock is also entitled to an injunction preventing Defendant from further use of the Gentle Procedures trade name and Dr. Pollock's reputation and business.

## NINTH CLAIM FOR RELIEF
### (Unjust Enrichment)

92.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

93.    Dr. Pollock spent years developing the specialized surgical techniques and the Gentle Procedures Clinic Program.  Dr. Pollock brought Defendant on in connection with the expansion of his business into the U.S. market and provided the capital and training Defendant required to expand Dr. Pollock's business into the U.S.

94.    At the expense of Dr. Pollock, Defendant has wrongfully retained ownership of Gentle LP and Gentle Inc. and control of the trademarks.  Defendant has also wrongfully accessed, retained, and used Dr. Pollock's trademarks, trade name, good will and reputation in connection with his development of the Denver Clinic for his sole benefit and further threatens to use Dr. Pollock's trade secrets and other confidential/proprietary information.  Defendant has also received profits under the Business while acting to oust Dr. Pollock from the Business and steal the Business.

20

95.    Defendant received the above benefits under circumstances that would make it unjust for him to retain those benefits.  Dr. Pollock is entitled to compensation.

96.    Defendant has been unjustly enriched as a result of his improper actions.

97.    Dr. Pollock has been damaged as a result of Defendant's actions in an amount to be proven at trial.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs pray that this Court enter judgment in their favor and against Defendant by:

a.    Awarding Plaintiffs damages on each of the foregoing claims for relief;

b.    Awarding Plaintiffs punitive/treble/exemplary damages caused by Defendant's willful and intentional conduct;

c.    Ordering that Gentle Procedures Franchising LP and Gentle Procedures, Inc. be transferred to Dr. Pollock;

d.    Entering a permanent injunction preventing Defendant's future retention, use or disclosure of Plaintiffs' trade secrets and other confidential/proprietary business information, future use of Plaintiffs' intellectual property, and future use of the "Gentle Procedures" trade name and Dr. Pollock's reputation and business;

e.    Awarding Plaintiffs their costs, including reasonable attorneys' fees, as permitted by law or statute;

f.    Awarding Plaintiffs pre- and post-judgment interests; and,

4828-2112-1358\

g.    Awarding such further and additional relief as the Court deems just and equitable.

Respectfully submitted this 6th day of September, 2017.

DORSEY & WHITNEY LLP

_s/ Gregory S. Tamkin_
Gregory S. Tamkin
Andrea Ahn Wechter
1400 Wewatta Street, Suite 400
Denver, Colorado 80202-5549
Telephone: (303) 629-3400
Email: tamkin.greg@dorsey.com
        wechter.andrea@dorsey.com

**Attorneys for Plaintiffs Neil Pollock, M.D.
and Pollock Surgical Clinics, Inc.**

**Plaintiffs' Address:**
625 Fifth Avenue, Suite 407
New Westminster, BC, V3M, 1X4

4828-2112-1358\